UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 10-10189-RGS

CIVIL ACTION NO. 13-12186-RGS

AYLIS DRYDEN

v.

UNITED STATES OF AMERICA

MEMORANDUM ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

December 19, 2013

STEARNS, D.J.

Aylis Dryden, proceeding *pro se*, brings this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Dryden raises four claims of ineffective assistance on the part of his trial counsel, Federal

---

[1] Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id.* The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

Defender Stylianus Sinnis. I agree with the approach advocated by the government as the first and third, and arguably the second of the claims, cannot be resolved without a waiver of attorney-client privilege. A waiver is necessary to permit the government to obtain Attorney Sinnis's testimlony as to his otherwise confidential discussions with Dryden and any instructions that Dryden might have given as a result. The fourth claim, that Attorney Sinnis was ineffective for failing to argue that a prior assault and battery conviction in the Dorchester District Court did not qualify as a predicate offense for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(3)(1) can be summarily dismissed. Dryden argues that he was improperly classified as a career offender in light of the First Circuit's holding in *United States v. Holloway*, 630 F.3d 252 (1st Cir. 2011),that simple assault and battery under Massachusetts law cannot be categorically considered a "violent" felony absent corroborating charging documents or jury instructions establishing which of the variant assault and battery offenses (harmful or merely offensive) underlay a defendant's state conviction. *Id.* at 259.

The claim is based on a mistaken premise. As the government points out, and the Presentence Report confirms, Dryden's predicate convictions did not include the Dorchester assault and battery conviction. Rather they consisted of convictions for assault and battery with a dangerous weapon, unarmed robbery, and armed robbery. *See generally United States v. Glover*, 558 F.3d 71 (1st Cir. 2009).

ORDER

For the foregoing reasons, Dryden's motion to vacate, set aside, or correct his sentence is *DENIED* with respect to the fourth claim of ineffective assistance of counsel. The petition is *STAYED* with respect to the first three claims contingent upon Dyrden's compliance with the Order proposed by the government and hereby adopted by the court. The Order will be docketed separately, but is incorporated by reference in this Memorandum and Order. The Clerk will serve a copy of the this Memorandum and the incorporated Order on Dryden by certified mail.

    SO ORDERED.

    /s/ Richard G. Stearns

    _____
    UNITED STATES DISTRICT JUDGE